IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-04034 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| ILENE F. GOLDSTEIN, not individually, but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv No. 19-ap-00129 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO:    SEE ATTACHED SERVICE LIST

   PLEASE TAKE NOTICE that on May 24, 2019 at 1:30 p.m., I will appear before the Honorable A. Benjamin Goldgar or such other Judge as may be presiding in his stead, in the Park City Branch Court, 301 S. Greenleaf Avenue, Park City, Illinois 60085, in Courtroom B, and present our **Motion To Dismiss Adversary Complaint,** a copy of which is attached hereto and served upon you herewith.

                    By:  /s/Jeffrey C. Dan
                         Crane, Simon, Clar & Dan
                         135 S. LaSalle, #3705
                         Chicago, IL 60603
                         (312) 641-6777

## CERTIFICATE OF SERVICE

   The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served electronically through the Court's Electronic Registration on all parties listed on the attached Service List, on the 23rd day of May, 2019.

                         /s/Jeffrey C. Dan

-1-

## SERVICE LIST

Ilene F. Goldstein
c/o Paul M. Bauch
Lakelaw
53 W. Jackson St., #1115
Chicago, IL 60604
pbauch@lakelaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 17-04034 |
| ) | |
| JASON LEWIS ZILBERBRAND, ) | Chapter 7 |
| ) | |
| Debtor, ) | Honorable A. Benjamin Goldgar |
| ) | |
| ILENE F. GOLDSTEIN, not individually, ) | |
| but as chapter 7 Trustee for the Estate of ) | |
| Jason Lewis Zilberbrand, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv No. 19-ap-00129 |
| ) | |
| JASON LEWIS ZILBERBRAND, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS ADVERSARY COMPLAINT**

JASON ZILBERBRAND, Defendant herein, by and through his attorneys, presents this Motion To Dismiss Adversary Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure; and in support thereof, states as follows:

**Relevant Background**

1. On February 13, 2017, the Debtor filed his voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2. Ilene Goldstein ("Trustee") was appointed trustee and continues to serve in that capacity.

3. At the time of the filing of the Chapter 7 case, May 15, 2017 was set as the deadline to file a complaint objecting to discharge or the dischargeability of debt.

4. On March 9, 2017, David Gassman ("Gassman"), through his attorneys Bauch & Michaels, filed a motion pursuant to Rule 2004 for authority to examine the Debtor, which was granted on March 31, 2017.

5. On April 11, 2017, Gassman served a subpoena on the Debtor's counsel.[1]

6. The date to object to discharge or dischargeability of debts passed on May 15, 2017 with nothing filed by Gassman, the Chapter 7 Trustee or the United States Trustee.[2]

7. The deposition of the Debtor was scheduled for June 29, 2017 and then later moved at the request of Gassman's attorney to June 27, 2017.[3]

8. Prior to the deposition, the Debtor provided documents to Gassman, and provided additional documents which were requested after the deposition concluded.

9. On August 4, 2017, long after the discovery was completed, Gassman filed a Motion to Dismiss, attempting to dismiss the Debtor's Chapter 7 case.

10. After a two day trial regarding the Motion to Dismiss, this Court denied the Motion to Dismiss and granted the Debtor his discharge on March 15, 2018.

11. On November 16, 2018, the Trustee employed Bauch & Michaels, the same attorneys that previously represented Gassman, to represent her in this case.

---

[1] The original subpoena included an incorrect rider and a corrected rider and subpoena were later served on May 22, 2017.
[2] The United States Trustee had extended the date to object to discharge through August 14, 2017, but did not file a complaint objecting to discharge and therefore the date has passed.
[3] The United States Trustee received authority to conduct a Bankruptcy Rule 2004 examination but never sent a subpoena to the Debtor for documents to be produced or for a deposition. Despite being made aware of the Deposition on June 27, 2017, the United States Trustee did not appear at the deposition. In fact, after the filing of the Rule 2004 motion by the United States Trustee, the United States Trustee had no contact with the Debtor or his attorney.

12. This Complaint is clearly an attempt to get around the fact that the date to object to discharge or dischargeability has passed.

**The Complaint Fails to State a Claim**

13. The sole allegation by the Trustee in the Complaint that she alleges would be cause for revoking the Debtor's discharge is that the Debtor allegedly testified falsely at the trial on the Motion to Dismiss regarding his 2017 income.

14. The only three allegations in the Complaint that are offered to support the Trustee's claim of false testimony are that the Debtor testified that in 2017 he made $53,000, that Arum[4] Jets or the Debtor received a commission relating to the sale of an aircraft in the gross amount of $97,000, and that the judge in the divorce court believed that the payment from Aurum Jets that went to the Debtor's wife based on the ownership of Aurum Jets was not disclosed to the Bankruptcy Court and therefore the Bankruptcy Court was unaware of this income.

15. The Trustee, while stating that the 2017 income was to Arum (sic) or the Debtor, actually knows from the trial on the Motion to Dismiss that the $97,000 was in fact income to Aurum Jets, and that the income of Aurum Jets was paid out fifty percent (50%) to each member of Aurum Jets, with one half (½) of the distributions made to Bam Bam Enterprises, which was owned by the Debtor's wife, thus the payment to the Debtor's wife that was discussed in the divorce court.

16. Attached as Exhibit 4 and testified to at the trial by the Debtor, was the 2017 tax return of Aurum Jets, which reflected the 2017 earnings of Aurum Jets and the income of the Debtor, by virtue of the K-1 to Bam Bam Enterprises of $53,000.00, a copy of which has been in

---

[4] The Debtor's employer was Aurum Jets, improperly referenced by the Trustee as Arum Jets.

the custody of the Trustee's attorneys since prior to the March, 2018 trial. A copy of the tax return, with K-1s, that was admitted as Exhibit 4 at trial, is attached hereto as **Exhibit A**.

17. The Trustee and her attorneys were fully aware of the structure of Aurum Jets ownership based on the Debtor's testimony at the Section 341 meeting of creditors, his schedules, his deposition taken by Bauch & Michaels and the documentation provided to Bauch & Michaels in discovery from the Debtor and through third party subpoenas.

18. The testimony and the tax return presented to the Bankruptcy Court at the trial on the Motion to Dismiss demonstrate that the Debtor did not conceal any information regarding his income or falsely testify. The statements by the Circuit Court as to what the Bankruptcy Court knew and did not know are without basis or merit.

19. The Trustee has failed to make any allegations of false testimony by the Debtor at the trial on the Motion to Dismiss or at any other time.

20. The Trustee merely states that the Debtor testified he made $53,000 in 2017 and that Aurum was paid a commission of $97,000 in 2017.

21. The Trustee has failed to allege that either of these statements was false, and in fact, she cannot, as the evidence previously provided demonstrates the truth of those statements.

22. The only other allegation of the Trustee was a conclusory statement that the Debtor knowingly presented false testimony.

23. Revocation of a discharge is an extraordinary remedy and Section 727(d) is to be liberally construed in favor of the debtor and strictly against the party seeking the revocation. *Buckeye Retirement Co. v. Heil*, 289 B.R. 897, 903 (Bankr.E.D.Tenn.2003).

24. In order to succeed on a 727(d)(1) claim, the complaining party must prove 1) the discharge was obtained through fraud and 2) the complaining party was unaware of the fraud prior to the discharge. *Schwartz v. Spears*, 291 B.R. 825, 828 (Bankr.C.D.Ill. 2003).

25. The absence of any allegation that the Debtor ever testified falsely and thus obtained his discharge through fraud, renders the Complaint deficient and requires its dismissal.

26. Furthermore, the Trustee, through her counsel, was fully aware of all circumstances of the Debtor's income, and the income of Aurum Jets, in 2017 from prior to the trial on the Motion to Dismiss and for the year after the ruling denying the Motion to Dismiss until the filing of the Complaint.

27. The Trustee cannot meet either of the elements necessary to make a claim for revocation of discharge under Section 727(d)(1).

28. The Trustee further alleges that the Debtor's income in 2017, which was earned in June, 2017, was material to the facts of the bankruptcy case, however, the Trustee completely ignores the fact that the bankruptcy case was filed on February 13, 2017 and all income after that was not property of the estate, nor was it relevant to the bankruptcy case in any way.

29. The Complaint filed by the Trustee is simply nothing more than an attempt by Gassman, through his attorneys that now are working with the Trustee, to attempt to have this Court reconsider its ruling denying the Motion to Dismiss and to rectify the failure of Gassman or the Trustee to file a timely complaint objecting to the Debtor's discharge or dischargeability of debt.

30.    The date for Gassman to have filed a Rule 59[5] motion to alter or amend the judgment in an attempt to cause this Court's to reconsider its ruling denying the Motion to Dismiss was fourteen (14) days after the ruling on March 15, 2018, or by March 29, 2018.

31.    Gassman failed to file a motion to reconsider the Bankruptcy Court's ruling and the Trustee has failed to allege any new evidence discovered or any fraud that would allow that ruling to be overturned or the discharge to be revoked.

**Conclusion**

32.    The Trustee has failed to properly allege any fraud or false testimony by the Debtor.

33.    The Trustee's attorneys were fully informed as to the Debtor's and Aurum Jets' income in 2017, prior to the trial on the Motion to Dismiss in March, 2018.

34.    The Trustee's Complaint fails to meet any of the elements necessary to revoke a discharge under Section 727(d)(1) and therefore the Complaint must be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the Debtor/Defendant, JASON ZILBERBRAND, requests that this Court enter an Order:

A)    Dismissing the above-captioned Adversary Complaint with prejudice; and

B)    Granting such other relief as this Court deems just.

Respectfully submitted,

JASON LEWIS ZILBERBRAND

By: /s/Jeffrey C. Dan
        One of His Attorneys

---

[5]    Rule 59 of the Federal Rules of Civil Procedure is made applicable to bankruptcy by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

**DEBTOR/DEFENDANT'S COUNSEL:**
Jeffrey C. Dan (Atty. No. 06242750)
CRANE, SIMON, CLAR & DAN
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777
jdan@cranesimon.com