UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-04034 |
| | ) | |
| Jason Lewis Zilberbrand, | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | Chapter 7 |
| Ilene F. Goldstein, not individually but as | ) | |
| Trustee for the estate of Jason Lewis | ) | |
| Zilberbrand, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 19 AP 129 |
| | ) | |
| Jason Lewis Zilberbrand, | ) | |
| | ) | |
| Defendant. | ) | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Ilene F. Goldstein ("Trustee" or "Plaintiff"), not individually but as Trustee for the estate of Jason Lewis Zilberbrand ("Debtor" or "Defendant"), hereby responds to the Debtor's motion (the "Motion") to dismiss her adversary complaint to revoke the Debtor's discharge (the "Complaint"):

### BACKGROUND

Contrary to the Debtor's representations contained in the Motion, the Trustee's Complaint raises two separate instances of false testimony at the evidentiary hearing on the motion to dismiss the bankruptcy case to support revocation of the Debtor's discharge. First, the Debtor provided false testimony regarding the status of his aircraft brokerage business, his then current employment, and his then current income in March of 2018. (Compl. ¶¶ 18-24.) Second, the Debtor gave false testimony regarding his 2017 income. (Compl. ¶¶ 25-33.) The Debtor's Motion is solely premised

on the argument that the Trustee knew (or should have known) that the Debtor was lying about his 2017 income, because Aurum Jets' tax returns reflected a $53,000 distribution to Bambam Enterprise, an entity that was created as part of the Debtor's asset protection scheme. This argument, however, fails to account for the balance of the 2017 cash receipts that were diverted to the Debtor's allegedly unemployed wife's deposit account; at best, it suggests that there may be an issue of fact for trial. Moreover, the Motion does not address the more serious allegations that the Debtor gave false testimony about the continuing operation of his airline brokerage business, his concurrent employment with one of his family's business, and his ongoing income, or suggest that the Trustee could have known of this false testimony before the entry of the discharge.

## ARGUMENT

The Debtor seeks to dismiss the case under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion, a complaint must only assert a plausible claim, and set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). The complaint must contain enough factual detail to give the defendant "fair notice" of the claim. *Reger Dev. LLC v. National City* Bank, 592 F.3d 759, 764 (7th Cir. 2010). On a Rule 12(b)(6) motion to dismiss a complaint, all well-pleaded factual allegations in the complaint are taken as true, and all reasonable inferences from the facts are drawn in favor of the non-movant. *White v. Marshall & Ilsley Corp.* 714 F.3d 980, 985 (7th Cir. 2013). Facts

2

evident from the exhibits attached to the complaint are also considered. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

The Complaint sets forth specific factual allegations of the Debtor's testimony that he was unemployed, had no current income, and that his aircraft brokerage company was out of business. (Compl. ¶¶ 12, 13, 15, 16, 18, 19, & 24.) Likewise, the Complaint sets forth specific factual allegations that this testimony was false because the Debtor was employed, had current income, and was in fact continuing to operate and receiving income from his aircraft brokerage business. (Compl. ¶¶ 20-23.) Similarly, the Complaint sets forth specific factual allegations of the Debtor's testimony regarding his 2017 income. (Compl. ¶ 25.) The Complaint attaches excerpts of the state court's findings that the Debtor was in fact lying to this Court about his income and employment prospects. Finally, the Complaint alleges that the Trustee did not know of the fraud until after the discharge was granted. (Compl. ¶¶ 15, 17, & 39.) Thus, the Complaint clearly puts the Debtor on notice of the claim and the alleged facts clearly support a finding that the Debtor had a fraudulent intent. *Estate of Drabik v. Drabik (In re Drabik)*, 581 B.R. 554 (Bankr. N.D. Ill. 2018) (debtor's intent determined by examination of all circumstances.); *Rezin v. Barr (In re Barr)*, 207 B.R. 168 (Bankr. N.D. Ill. 1997).

The Complaint meets (and exceeds) the standards of *Ashcroft v. Iqbal*. The Debtor fails to argue otherwise. Instead, the Debtor suggests that there is evidence, outside of the Complaint, to contradict the Trustee's allegations that she did not know of the false testimony regarding the Debtor's 2017 income and the diversion of the

3

income to his wife's deposit account until after the discharge was entered. The Debtor may offer any evidence he has on the issue of the Trustee's knowledge at trial, but it is not the proper subject of a motion to dismiss.

With respect to the elements of 727(d)(1), the Debtor is *only* correct with regard to the fact that they are two in number. Section 727(d)(1) provides that on request of the trustee, the Court shall revoke a discharge if such discharge was (a) obtained through the fraud of the debtor, and (b) that the requesting party did not know of such fraud until after the granting of the discharge.

A.    THE DISCHARGE WAS OBTAINED THROUGH FRAUD.

The Motion does not dispute that the Debtor provided false testimony at the hearing on the motion to dismiss the bankruptcy case. The Complaint alleges that the Debtor testified at the March 2018 hearing that Aurum Jets has closed its doors, that he wasn't employed by anyone right now, that he was, in fact, unemployed, and was not operating any type of business. The Complaint alleges that this testimony was false because Arum Jets or the Debtor received $63,294.80 in commissions in June of 2018, and inferentially must have still been operating at the time of the March 2018 hearing, and because the Debtor was actually employed by an aircraft valuation guide company in March of 2018. Moreover, the Complaint alleges that the Debtor provided false testimony that his 2017 income was only $53,000. *Baccala Realty, Inc. v. Fink (In re Fink),* 351 B.R. 511 (Bankr. N.D. Ill. 2006) (understating income was fraud for purpose of denial of discharge). The Debtor's false testimony in connection with the motion to dismiss hearing is fraud for purposes of revocation of

4

the Debtor's discharge. *Layng v. Cunningham (In re Cunningham)*, Nos. 13-20832, 14-2008, 2015 Bankr. LEXIS 480 (Bankr. D. Wyo. Feb. 13, 2015).

As the Court noted in its ruling, the motion to dismiss the bankruptcy case was governed by *In re Schwartz*, 799 F.3d 760, 763 (7th Cir. 2015), which required consideration of whether "Zilberbrand has the ability to repay creditors[. . . ]." Based on the Debtor's false testimony, the Court found that the Debtor "has no household income," that "[b]oth he and his wife are currently unemployed . . . in 2017 he had only $53,000 in income, that coming from an aircraft sale in June. And he has had no income since then." The testimony was material to the issues presented by the motion to dismiss and it constitutes false oath and "fraud" for purposes of considering revocation of discharge. *Zubras v. Miller (In re Miller)*, Nos. 12-16015 SR, 15-231 SR, 2016 Bankr. LEXIS 4225 (Bankr. E.D. Pa. Dec. 8, 2016). The Trustee has sufficiently pled that the Debtor obtained his discharge through fraud.

B.   THE TRUSTEE DID NOT KNOW OF SUCH FRAUD UNTIL AFTER THE DISCHARGE

The second element of the Trustee's claim to revoke discharge is that the Trustee did not know of the fraud until *after* the Debtor received his discharge in March of 2018. The Debtor really only disputes this issue with respect to the false testimony regarding the Debtor's 2017 income. Perversely, the Debtor is arguing that the Trustee should have known that he was lying. As noted, the Debtor's attempt to rely upon evidence from the hearing is not appropriate with respect to a motion to dismiss. Moreover, the Aurum Jets tax returns being related to the Debtor's asset protection scheme hardly put the Trustee on notice that the Debtor was diverting income to his wife. In fact, the whole point of the asset protection scheme was to

5

obscure the Debtor's financial transactions. Finally, the Debtor does not contend (nor is it plausible) that the Trustee could have known that the Debtor was actually continuing to operate the aircraft brokerage business and that he was in fact employed at the time of March 2018 evidentiary hearing. *Adams v. Debski (In re Debski)*, Nos. 07-31363 (LMW), 08-3094, 17, 2010 Bankr. LEXIS 4125 (Bankr. D. Conn. Feb. 23, 2010); *Swartz v. Spears (In re Spears)*, 291 B.R. 825 (Bankr. C.D. Ill. 2003). The evidence suggests that the Debtor became employed literally the week of the hearing, that he attempted to conceal the income from this employment by treating the income as loans from his parents, and the only evidence that he had continued to operate the aircraft brokerage business was not available until June of 2018, when he received a sizable commission check. More importantly, the Trustee has alleged that she did not have knowledge of the fraud at the time of the entry of the discharge, which allegation must be accepted as true for purposes of the Motion.

## CONCLUSION

The Complaint sets forth a claim for relief for revocation of the Debtor's discharge. The Court should deny the Motion.

Dated: June 14, 2019                          Ilene F. Goldstein, not individually
                                              but as chapter 7 trustee of the
                                              Debtor's estate

                                              By: /s/ Paul M. Bauch
                                                    One of her Attorneys

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC #6287277)
Justin R. Storer (ARDC #6293889)
Bauch & Michaels, LLC d/b/a Lakelaw
53 W. Jackson Blvd., Suite 1115
Chicago, Illinois 60604
(312) 588-5000
Fax (312) 427-5709
Email: pbauch@lakelaw.com