IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-04034 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| ILENE F. GOLDSTEIN, not individually, but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv No. 19-ap-00129 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

JASON ZILBERBRAND, Defendant herein, by and through his attorneys, for his Reply to Trustee's Response in Opposition to Motion to Dismiss ("Response"), and in support thereof, states as follows:

**Introduction**

The Response attempts to mischaracterize the testimony and even this Court's ruling in denying the Motion to Dismiss in the bankruptcy case. The Trustee further argues that misunderstandings by the judge in the divorce court would somehow show false testimony by the Debtor in the trial on the Motion to Dismiss, which completely belies the testimony that was presented at the trial on the Motion to Dismiss. These false recitations of facts and the ruling by this Court as a last ditch effort to save a baseless complaint necessitate that the Complaint be dismissed. Furthermore, the Trustee is once again attempting to make a case for revoking a

discharge for events that took place well after the filing of the bankruptcy case, including one over sixteen (16) months after the filing of the bankruptcy case, almost all of which were testified to at the trial on the Motion to Dismiss and in discovery leading up to that trial. There is no basis to revoke the discharge and the Complaint should be dismissed.

**Argument**

"Revocation of a discharge is a harsh measure and runs contrary to the general policy of the bankruptcy code of giving chapter 7 debtors a 'fresh start.' The revocation provision will be construed strictly against the objector and in favor of the debtor's retention of the discharge. *Steege v. Johnsson (In re Johnsson)*, 551 B.R. 384, 403 (Bankr.N.D.Ill. 2016), citing *State Bank of India v. Kaliana (In re Kaliana)*, 202 B.R. 600, 603 (Bankr.N.D.Ill. 1996). Additionally the party seeking to revoke the discharge bears the burden of proof by a preponderance of the evidence. *Steege*, 551 B.R. at 403, citing *In re Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992) and *Grochocinski v. Eckert (In re Eckert)*, 374 B.R. 474 (Bankr.N.D.Ill. 2007). The Trustee is unable to meet the burdens to prove any false testimony by the Debtor and therefore cannot satisfy the standards to revoke the discharge.

The Trustee has argued that she complains of two instances of allegedly false testimony, one about the Debtor's income in 2017 and one about his job status and the closing of Aurum Jets. The Trustee bases all of its allegations about income on the alleged findings in the state court, which have no bearing on the bankruptcy case and actually were unfounded. The judge in the divorce court claims that the Debtor must have lied to the bankruptcy court about his income because payments were made in 2017 from Aurum Jets to a company owned by the Debtor's wife. This was, in fact, exactly what the Debtor testified to in the trial on the Motion to Dismiss. The 2017 K-1s from the tax return of Aurum Jets were admitted as an exhibit at the trial. These

K-1s demonstrate that the total income was $53,000 paid to Bam Bam Enterprises, a company which was listed in the Debtor's schedules and testified about in his section 341 meeting of creditors, his deposition and at trial. This is the same money the Debtor testified he earned in 2017. The Trustee does not claim there is anything false about that income in 2017. The Trustee also cannot claim she was not aware of the $53,000 in income by virtue of the exhibit at trial. In fact, in the Response, the Trustee does not claim to not have knowledge about the $53,000 in income, or that the testimony regarding that income was false, but instead tries to argue that she did not have knowledge of fraud because the Debtor understated his income at the March, 2018 trial since there were allegedly funds earned in June, 2018 by Aurum Jets or the Debtor. How is it possible to misstate your income today based on some future event? It is not. The mischaracterizations of the evidence by the divorce court judge and her having no knowledge of what was presented to the bankruptcy court at the trial on the Motion to Dismiss are immaterial, have no effect on this Court's rulings which were properly made on the evidence and certainly do not demonstrate any false testimony by the Debtor.

It should be noted that the Trustee has failed to address the 2017 Aurum Jets K-1s that were an exhibit at trial in the Response. The Trustee cannot claim that she did not know about the 2017 income, a necessary element to her Complaint, as it was brought out at trial in the exhibit and in testimony.

The Debtor further testified at trial that he earned no other income between the Aurum Jets commission earned in June, 2017 and the trial in March, 2018. The Trustee does not allege any facts different from that. It is clear from reviewing the testimony in the trial transcript that the Debtor did not testify falsely and the Trustee had not alleged anything false about this testimony. The simple fact that the Trustee does not claim the Debtor's statements at trial about

his income were false and merely rests on something misunderstood by the divorce court judge is not enough to satisfy a claim to revoke a discharge.

An element to Section 727(d)(1) requires that the moving party must prove that the discharge was obtained through fraud. *State Bank of India*, 202 B.R. at 604. Thus, the Trustee must prove false testimony. Nothing in the Complaint or Response demonstrates that anything the Debtor testified to was false. The only fact raised in support of the argument the Debtor obtained the discharge through fraud is that Aurum Jets or the Debtor allegedly earned a commission three (3) months after the entry of the discharge. Even if true, this does not demonstrate any false testimony by the Debtor. The alleged commission was not raised at trial, nor could it be since it did not happen until three (3) months later. Thus, there was no false testimony and the Trustee's Complaint fails.

The Trustee's last attempt to claim some false testimony is to allege that Aurum Jets must not have closed its doors if a commission was earned in June, 2018. The Complaint does not allege the company was still operating. The Trustee does not even state who was allegedly paid, Aurum Jets or the Debtor. *Assuming arguendo* that a commission was earned in June 2018, three (3) months after trial and sixteen (16) months after the filing of the case, this still does not demonstrate, or for that matter even allege, that Aurum Jets was no longer operating as of the trial date, as the Debtor testified. It merely would demonstrate some income to Aurum Jets or the Debtor. Companies can stop operating and still have receivables. The Debtor could have done some work to earn money. Without an allegation that Aurum Jets was operating after March, 2018, which it was not, any claims of false testimony about closing its doors are incorrect, unfounded and immaterial.

The Trustee attempts to argue that income in June, 2018, for a bankruptcy filed in 2017 and for trial on the Motion to Dismiss heard in March, 2018 is somehow relevant. She then takes comments from this Court in its ruling on the Motion to Dismiss completely out of context and mischaracterizes the ruling. In the trial on the Motion to Dismiss, this Court was tasked with addressing the argument that the Debtor was living a lavish lifestyle.[1] This Court ruled that there was no evidence showing a lavish lifestyle and contrary to the assertion by the trustee in the Response, the Court did not rule that the Debtor had no income. The Court specifically stated in the ruling, after finding no evidence of a lavish lifestyle, "that dismissal would serve no legitimate bankruptcy purpose here. Ordinarily, when a Chapter 7 debtor has the ability to repay a meaningful percentage of his debts, the case is not dismissed until he is given an opportunity to convert his case to one under Chapter 13. But Zilberbrand wouldn't be eligible for Chapter 13 because he has no regular income." See Transcript of March 15, 2018 hearing at page 65 at docket #78 of the bankruptcy case and attached hereto as **Exhibit A**. The Debtor did testify that he had no income from June, 2017 until the trial. That is what the Trustee was claiming in the response that was the basis for the Court's ruling on the Motion to Dismiss. This is clearly not how the Court ruled. The income was an issue considered in the discussion of Chapter 13 but was not the real basis of the denial of the Motion to Dismiss. The absence of any cause under Section 707(a) was the basis for the Court's ruling. Additionally, the alleged income to Aurum Jets or the Debtor in June, 2018 was not an issue at trial and had no bearing on either the Debtor's testimony or the Court's ruling. In no way could an event that took place three (3) months after trial prove any fraudulent testimony or that the Debtor obtained his discharge through fraud.

---

[1] The Court also ruled, based on many factors, that the asset protection plan set up by the Debtor five years before the filing of the bankruptcy case and prior to meeting the movant, Gassman, was illicit or done to hinder creditors

Finally, the Trustee alleges that the Debtor began working at another job the week of the trial because the Debtor allegedly testified at a November 28, 2018 deposition that he began working at a company in March, 2018. It would certainly be difficult to be working there when he was on trial and in court on March 14 and 15, 2018. The Debtor did testify that he had a meeting in Wisconsin the week of the trial regarding a new job. There were even scheduling issues for the trial discussed regarding this meeting. Even if this job started around the time of the trial, the Trustee has not even alleged any income earned by the Debtor from that job, which would still not change the Court's prior ruling. Furthermore, this is once again more than one year after the filing of the bankruptcy case. How does income earned, if any, over a year after the filing of the petition, have any bearing on the bankruptcy case? It simply does not.

The Trustee has failed to provide any false testimony by the Debtor and has failed to demonstrate that the Debtor obtained his discharge through fraud. She has simply misstated this Court's findings from the trial, has not disputed the testimony provided by the Debtor at the trial and has only offered something that allegedly happened three months after the trial as a way to try to claim false testimony. This is despite the fact that this Court, after ruling that Gassman had not proven a basis to dismiss the bankruptcy case, said as an aside that the Debtor's case should go forward because he did not have regular income to be eligible for a Chapter 13. Earning a commission three months later, when the Debtor testified he had no income since June, 2017, which has not been denied or alleged to be untrue by the Trustee, would not affect the Court's ruling on that issue, since earnings once a year are not regular.

In addition, the Court must remember that everything that the Trustee is alleging in the Complaint is post-petition. This includes the 2017 income misstated by the divorce, the 2017 Aurum Jets K-1s presented at trial which the Trustee does not dispute and the only remaining

allegation that the Trustee is relying on about the Aurum Jets commission in June, 2018. Since the bankruptcy was filed in February, 2017, all of these subjects deal with matters that took place post-petition, including the 2018 commission that was allegedly paid sixteen (16) months after the filing of the bankruptcy case and three (3) months after entry of the discharge. Courts have previously held that not providing information about income could not be considered giving a false oath if it was about post-petition activities and therefore could not serve to bar to discharge. *Kaye v. Hirsch (In re Hirsch)*, 14 B.R. 59, 62 (Bkrtcy.S.D.Fla. 1981). The Trustee must also prove that the allegedly false testimony was material to the course of the bankruptcy case. *Applebaum v. Henderson (In re Henderson)*, 134 B.R. 147, 160 (Bkrtcy.E.D.Penn. 1991). Forgetting the fact that the Trustee has not alleged that the testimony the Debtor gave at trial about his job status was false, even if it was, it is immaterial since it is regarding post-petition activities that were not material to the bankruptcy case and would not serve to bar his discharge.

**Conclusion**

Quite simply, the Trustee's Complaint cannot meet any of the elements necessary to make a claim for revocation of discharge under Section 727(d)(1) and the Complaint should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the Debtor/Defendant, JASON ZILBERBRAND, requests that this Court enter an Order dismissing the Adversary Complaint with prejudice and granting such other relief as this Court deems just.

> Respectfully submitted,
>
> JASON LEWIS ZILBERBRAND
>
> By: /s/Jeffrey C. Dan
>      One of His Attorneys

**DEBTOR/DEFENDANT'S COUNSEL:**
Jeffrey C. Dan (Atty. No. 06242750)
CRANE, SIMON, CLAR & DAN
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777
jdan@cranesimon.com