IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jason Lewis Zilberbrand,    )    No. 17 B 04034
                                              )    Chicago, Illinois
                                              )    March 15, 2018
                  Debtor.    )    10:00 a.m.


TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE A. BENJAMIN GOLDGAR


APPEARANCES:

For the Debtor:    Mr. Jeffrey Dan;

For David Gassman:    Mr. Paul Bauch;
                                Ms. Carolina Sales;


Court Reporter:    Amy Doolin, CSR, RPR
                            U.S. Courthouse
                            219 South Dearborn
                            Room 661
                            Chicago, IL  60604.

EXHIBIT A

More important is the timing. Zilberbrand leased the Audi Q5, bought the snowmobile and leased the Long Grove home before he had been served in the Gassman action and before he knew of it. He leased the Audi A6 around the same time he was served. Only the motorcycle purchase came afterward. Zilberbrand also defended the action, hiring counsel and opposing Gassman's summary judgment motion. It was his position he didn't owe Gassman. Judgment wasn't entered in Gassman's favor until October 2016. That Zilberbrand ultimately lost does not mean his failure to pay Gassman was unjustified. It may seem so, but it seems so only because hindsight is 20/20.

No evidence showed Zilberbrand has been leading a lavish lifestyle since the judgment. To the contrary, as I said, he owns no real estate, owns no car, and has no household income. The $5200-a-month lease might be questioned, but the lease is for five years and was signed before Zilberbrand was even aware of the Gassman suit. Zilberbrand has been paying his rent through an early distribution from his 401(k), an asset he has exempted on his Schedule C, and through help from his parents.

1           There's been some suggestion here that
2  this is a one-creditor case, that the petition was
3  aimed strictly at the Gassman debt.  But
4  Zilberbrand's schedules suggest otherwise, listing a
5  number of unsecured creditors besides Gassman.  The
6  schedules show a total of $656,000 in general
7  unsecured debt, 30 percent of which is owed to other
8  creditors.  Four of them have already filed proofs of
9  claim, and the bar date has not yet passed.
10          Zilberbrand testified credibly that
11 those debts are related to the failed Calahan's
12 venture, they are debts he shares with Calahan's, and
13 the failure to list him as a co-debtor on the
14 Calahan's schedules was simply an error.
15          Finally, it's worth noting that
16 dismissal would serve no legitimate bankruptcy
17 purpose here.  Ordinarily, when a Chapter 7 debtor
18 has the ability to repay a meaningful percentage of
19 his debts, the case is not dismissed until he is
20 given an opportunity to convert his case to one
21 under Chapter 13.  But Zilberbrand wouldn't be
22 eligible for Chapter 13 because he has no regular
23 income.  Dismissal, then, would mean that he is too
24 poor for Chapter 13 but too well off for Chapter 7,
25 leaving him with no bankruptcy avenue at all.  That

Case 17-04034 Doc 78 Filed 06/25/18 Entered 06/25/18 15:35:58 Desc Main
Document Page 46 of 66
Case 19-00129 Doc 21-8 Filed 06/25/19 Entered 06/25/19 15:35:58 Desc Exhibit
A Page 66 of 66

66

```
 1   would make no sense.  In fact, it would be in the
 2   best interest of creditors, including Gassman, to
 3   keep the Chapter 7 case alive.  The trustee has filed
 4   an initial report of assets in which she indicates
 5   she is currently looking at possible avoidance
 6   actions.
 7              So for these reasons, I find that
 8   Mr. Gassman has not made his burden of proof under
 9   Schwartz or Section 707(a).  The motion is denied.
10              Thank you.
11              MR. BAUCH:  Thank you, Your Honor.
12              MR. DAN:  Thank you.
13              (Which were all the proceedings had in
14              the above-entitled cause, 10:00 a.m.,
15              March 15, 2018)
16   I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
     THAT THE FOREGOING IS A TRUE AND ACCURATE
17   TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
     ENTITLED CAUSE.
18
19
20
21
22
23
24
25
```