UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | No. 17 B 4034 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ILENE F. GOLDSTEIN, not individually, but | ) | |
| as chapter 7 trustee for the estate of Jason | ) | |
| Lewis Zilberbrand, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 A 129 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

Before the court for ruling is the motion of defendant Jason Lewis Zilberbrand under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6) (made applicable

by Fed. R. Bankr. P. 7012(b)) to dismiss the complaint of chapter 7 trustee Ilene Goldstein for

failure to state a claim.  In her complaint, Goldstein asks to have Zilberbrand's discharge revoked

under section 727(d)(1) of the Bankruptcy Code, 11 U.S.C. § 727(d)(1), because he obtained the

discharge through fraud.

For the reasons below, Zilberbrand's motion will be denied.

### 1. Jurisdiction

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district

court's Internal Operating Procedure 15(a). This is a core proceeding. 28 U.S.C. § 157(b)(2);

*Steege v. Johnsson (In re Johnsson)*, 551 B.R. 384, 389 (Bankr. N.D. Ill. 2016).

## 2. Facts

On a Rule 12(b)(6) motion, all well-pleaded facts in the complaint are taken as true, and

all reasonable inferences are drawn in favor of the non-movant. *Trujillo v. Rockledge Furniture*

*LLC*, 926 F.3d 395, 397 (7th Cir. 2019). Goldstein's complaint alleges the following facts.

Jason Zilberbrand is a discharged chapter 7 debtor who ran an aircraft brokerage business

called Aurum Jets. (Compl. ¶¶ 8, 13, 14, 18). Zilberbrand filed his chapter 7 case in February

2017. (*Id.* ¶ 8). Six months later, a creditor, David Gassman, moved to dismiss the case under

section 707(a) of the Bankruptcy Code, 11 U.S.C. § 707(a). (*Id.* ¶ 9). The motion was heavily

litigated (*id.* ¶ 10) and eventually led to an evidentiary hearing on March 14 and 15, 2018 (*id.* ¶

12).

At the hearing, Zilberbrand appeared and testified about his financial circumstances. (*Id.*

¶ 13). Among other things, Zilberbrand testified that (a) the previous year he had made only

$53,000 in income; (b) Aurum Jets was out of business; (c) he was not operating any kind of

business; (d) he was unemployed; and (e) he was trying to get a consulting job of some kind. (*Id.*

¶¶ 13, 18-19, 25). No one else testified.[1] Based on Zilberbrand's uncontested testimony, the

bankruptcy court found that Aurum Jets was out of business, Zilberbrand was unemployed, and

Zilberbrand had no current source of income. (*Id.* ¶ 13). The court therefore denied Gassman's

---

[1]     According to the hearing transcript, Zilberbrand was the sole witness. The
transcript was filed in the bankruptcy case and is a matter of public record. On a Rule 12(b)(6)
motion, the court can take judicial notice of matters of public record. *Orgone Capital III, LLC v.
Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

motion. (*Id.*). Zilberbrand received his discharge on March 15.

Zilberbrand's testimony at the March 2018 bankruptcy hearing was false (*id.* ¶¶ 15, 33):

• In June 2017, Aurum Jets or Zilberbrand had received a $97,000 commission on an aircraft sale. (*Id.* ¶ 25). Zilberbrand tried to hide the income by having it transferred to his wife's bank account and reporting it as her income on their joint tax return. (*Id.* ¶ 27).

• On March 20, 2018, just days before the March 2018 hearing, Zilberbrand had updated his status on his Facebook page to show he was president of something called "Vref," which he described as an "Aircraft and Helicopter valuation guide." (*Id.* ¶ 20).

• In June 2018, three months after the March 2018 hearing, either Zilberbrand or Aurum received a $63,294.80 commission from an aircraft sale. (*Id.* ¶ 22). Zilberbrand again tried to hide the income by having it transferred to his wife's bank account. (*Id.* ¶ 23).

• Meanwhile, Zilberbrand had moved in his divorce case to have the state court modify his child support obligations. (*Id.* ¶ 11). At a deposition taken in the divorce case after Zilberbrand received his discharge, he confirmed that since March 2018 he had worked for Aerospace Data Solutions as president of Vref. (*Id.* ¶ 21).

In January 2019, the state court determined that Zilberbrand had lied to the bankruptcy court at the March 2018 hearing. (*Id.* ¶¶ 16, 31). Specifically, the state court found Zilberbrand was "hiding assets" from the bankruptcy court because he concealed the two aircraft sales commissions. (*Id.* ¶¶ 16, 30-32). This court found Zilberbrand had no income, the state court said, only because it was unaware of the hidden commissions. (*Id.* ¶ 30).

The trustee in Zilberbrand's bankruptcy case, Ilene Goldstein, first learned of the evidence presented to the state court and the state court's findings the next month. (*Id.* ¶ 17, 39).

She filed her complaint to revoke his discharge on March 12, 2019, within one year after the

discharge was entered.

Zilberbrand now moves to dismiss Goldstein's complaint for failure to state a claim.

Goldstein opposes the motion.

### 3. Discussion

Zilberbrand's motion will be denied. The complaint states a claim to revoke his

discharge – indeed, the question is not a close one. Most of Zilberbrand's arguments for

dismissal are not even cognizable under Rule 12(b)(6).

### a. Rule 12(b)(6) Standards

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear

"two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th

Cir. 2007). First, the complaint must describe the claim in enough detail to give fair notice of the

claim and the grounds for it. *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th

Cir. 2019); *see also* Fed. R. Civ. P. 8(a) (made applicable by Fed. R. Bankr. P. 7008). "[A]

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). Specifics are unnecessary, *Olson v. Champaign Cty.*, 784 F.3d 1093,

1098 (7th Cir. 2015), but some facts must support each element, *Ashcroft v. Iqbal*, 556 U.S. 662,

678-79 (2009).

Second, the complaint must state a claim "plausible on its face," *Twombly*, 550 U.S. at

570 – meaning the plaintiff's right to relief must rise above a "speculative level," *id.* at 555; *see*

*also Cornielsen*, 916 F.3d at 598. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Lewis v. City of Chi.*, 914 F.3d 472,

475 (7th Cir. 2019).

### b. Section 727(d)(1)

Section 727(d)(1) of the Code declares that the court must revoke a chapter 7 discharge if

it "was obtained through the fraud of the debtor, and the [plaintiff] did not know of such fraud

until after the granting of such discharge." 11 U.S.C. § 727(d)(1). As the statute's structure

suggests, a complaint under section 727(d)(1) must allege two elements: "(1) that the discharge

was obtained through fraud; and (2) that the [plaintiff] lacked knowledge of [the] fraud until after

the discharge was granted." *Cox v. Gordon (In re Gordon)*, Nos. 08-71182, 08-7121, 2009 WL

2169872, at *3 (Bankr. C.D. Ill. July 20, 2009); *see also Zedan v. Habash (In re Habash)*, 360

B.R. 775, 778 (N.D. Ill. 2007), *aff'd*, 529 F.3d 398 (7th Cir. 2008); *Grochocinski v. Eckert (In re

Eckert)*, 375 B.R. 474, 478-79 (Bankr. N.D. Ill. 2007), *aff'd*, No. 07 C 6012, 2008 WL 4547224

(N.D. Ill. Apr. 2, 2008).

The first element requires "fraud in the procurement of discharge," not just fraud toward a

creditor. *Jones v. First Nat'l Bank of Harrisburg (In re Jones)*, 71 B.R. 682, 684 (Bankr. S.D.

Ill. 1987). The fraud must also be "fraud in fact," meaning an intentional wrong. *Eckert*, 375

B.R. at 479. The debtor, in other words, must have had "an intent to deceive." *Chicago

Patrolmen's Fed. Credit Union v. Maxwell (In re Maxwell)*, 597 B.R. 418, 423 (Bankr. N.D. Ill.

2019). Direct evidence of intent is unnecessary; intent can be inferred "from a course of

conduct" or "from all of the surrounding circumstances." *In re Yonikus*, 974 F.2d 901, 905 (7th

Cir. 1992).

The second element requires that the plaintiff "not know of the fraud until after the granting of the discharge." 6 *Collier on Bankruptcy* ¶ 727.17[3] at 727-80 (Richard Levin & Henry J. Sommer eds., 16th ed. 2019). That the plaintiff lacked actual knowledge is insufficient. He must show that he "did not know and could not have known of the fraud . . . ." *Schechter v. McAniff (In re McAniff)*, Nos. 02 B 38990, 03 A 4407, 03 A 4408, 2004 WL 1146699, at *4 (Bankr. N.D. Ill. May 21, 2004); *see also Smith v. Seferian*, No. 11 C 5036, 2011 WL 6753989, at *3 (N.D. Ill. Dec. 21, 2011) (stating that a plaintiff knew of the fraud if he had facts or information that "would ordinarily put a reasonable person on notice").

Some courts, mainly in other circuits, add a third element. They say the debtor's fraud must also have been the kind that would have prevented discharge had there been an objection under section 727(a). *See, e.g., Avery v. Gonzalez (In re Gonzalez)*, Nos 2:15-bk-25283-RK, 2:16-ap-01037-RK, 2019 WL 1770013, at *12-13 (Bankr. C.D. Cal. Mar. 27, 2019); *Miller v. Washabaugh (In re Washabaugh)*, 572 B.R. 141, 151 (Bankr. M.D.N.C. 2017); *Layng v. Cunningham (In re Cunningham)*, Nos. 13-20832, 14-2008, 2015 WL 652550, at *3 (Bankr. D. Wyo. Feb. 13, 2015); *Gebhardt v. Seedor (In re Seedor)*, Nos. 3:13-bk-2811-PMG, 3:13-ap-434-PMG, 2014 WL 1600857, at *5 (Bankr. M.D. Fla. Apr. 17, 2014) (requiring as a third element that "the fraud, if known, would have resulted in the denial of discharge under 11 U.S.C. § 727(a)") (internal quotation omitted).

This third element may lend analytical clarity to the general term "fraud," and it may work well in most cases – for example, when a debtor made misrepresentations in his schedules of a kind a creditor or trustee could not have discovered in time to object to discharge under section 727(a). But it does not work in every case. Here, for example, the fraud that Goldstein

alleges in her complaint took place at a hearing on a section 707(a) motion, a hearing held *after* the deadline for objections to discharge under section 727(a) but *before* the discharge itself.[2] In a circumstance like this, the third element other courts mention cannot be met because Zilberbrand's fraud would not have supported a section 727(a) objection. By the time the fraud took place, the deadline in Bankruptcy Rule 4004(a) for an objection had passed.

Section 727(d)(1) demands only that the debtor have obtained his discharge through "fraud." 11 U.S.C. § 727(d)(1). Other than a causal relationship with the discharge, it says nothing about the nature of the fraud. The better rule, then, is the one that prevails in this circuit: a plaintiff in a proceeding under section 727(d)(1) must plead and prove two elements, not three.

### c. Goldstein's Complaint

Goldstein's complaint alleges both of the claim's necessary elements.

First, Goldstein alleges that Zilberbrand obtained his discharge by fraud. The fraud consisted of Zilberbrand's false testimony at the March 18 hearing that he had only $53,000 in income during 2017, that his business was defunct, that he was unemployed, and that he was looking for work. (Compl. ¶¶ 13, 18-19, 25). In fact, he had made well over $53,000 in 2017, his aircraft brokerage business still appeared to be operating (since he received another commission three months after the March 2018 hearing), and he was not unemployed but was president of an aircraft valuation concern called Vref. (*Id.* ¶¶ 20-23, 25-27). Zilberbrand made these misrepresentations knowingly and with an intent to deceive, even going so far as to hide the commissions by transferring them to his wife. (*Id.* ¶¶ 23, 27, 33, 37). Although Goldstein does

---

[2]     The pendency of the motion had delayed entry of Zilberbrand's discharge. Fed. R. Bankr. P. 4004(c)(1)(D); *see also In re Schwartz*, 799 F.3d 760, 764 (7th Cir. 2015) (equating the granting of a section 707(a) motion and dismissal of the case with denial of the discharge).

not expressly allege that Zilberbrand would not have received a discharge but for his falsehoods, that is a reasonable inference from her allegations, and reasonable inferences must be drawn in her favor. *Trujillo*, 926 F.3d at 397.[3/]

Second, Goldstein alleges that she did not know Zilberbrand's testimony was false until after he received his discharge. (Compl. ¶ 39). The truth appears to have come out in the state court proceeding on Zilberbrand's motion to modify his child support obligation. (*Id.* ¶¶ 16, 21, 30-32). At his deposition in November 2018, Zilberbrand admitted he had been working for Vref since March 2018. (*Id.* ¶ 21). During the state court hearing in January 2019, it was revealed not only that Zilberbrand had received two commissions from Aurum Jets, one in 2017 and another in 2018, but also that he had tried to hide them by transferring the money to his wife's bank account. (*Id.* ¶¶ 22-23, 26-27). Only in February 2019, after the state court determined that Zilberbrand had lied about his income at the March 2018 hearing and had been "hiding assets from the bankruptcy court," did Goldstein learn of the fraud. (*Id.* ¶¶ 15-16, 30-32, 39). By then, it had been nearly a year since Zilberbrand's discharge. (*Id.* ¶ 14).

In short, Goldstein's complaint states a claim. It alleges facts supporting both elements of a claim under section 727(d)(1). *See Gordon*, 2009 WL 2169872, at *3. It gives fair notice to Zilberbrand of the claim and the grounds for it. *Cornielsen, LLC*, 916 F.3d at 598. And it is "plausible on its face," *Twombly*, 550 U.S. at 570, in the sense that the allegations allow a

---

[3/]     The inference that Zilberbrand would not have received his discharge had he told the truth at the March 18 hearing implies that the ruling on Gassman's section 707(a) motion would have been different, that the motion would have been granted and the case dismissed. The determination that Goldstein has stated a section 727(d)(1) claim does not amount to a finding of fact that Gassman's motion would have been granted. Factual findings are made after parties present evidence, not on Rule 12(b)(6) motions. The decision here means only that the complaint raises a reasonable inference that Gassman's motion would have been granted. Whether Goldstein can prove her allegations is a question for another day.

reasonable inference that Zilberbrand "is liable for the misconduct alleged," *Iqbal*, 556 U.S. at

678. Zilberbrand has no reasonable argument for dismissal.

Although he has no reasonable argument, Zilberbrand offers several. They are easily

dispatched.

• Zilberbrand asserts that Goldstein's "sole allegation" concerns Zilberbrand's 2017

income (Mot. ¶ 13), and the complaint fails "to make any allegations of false testimony" (*id.* ¶

19; *see also id.* ¶ 25 (claiming "the absence of any allegation that the Debtor ever testified

falsely"). Zilberbrand must be reading a different complaint. Goldstein specifically alleges that

Zilberbrand testified – and testified falsely – about his 2017 income as well as about his

employment status and the status of his business, Aurum Jets.

• Zilberbrand disputes Goldstein's allegations on the merits. He argues that the income

she describes was not even his (Mot. at ¶ 16-17) and attaches a 2017 tax return for Aurum Jets

(*id.* Ex. A). He adds that Goldstein knew all the relevant facts well before discharge (*id.* ¶ 15).

Zilberbrand insists she cannot prove either element of her claim. (*Id.* ¶ 27).

None of this matters. A Rule 12(b)(6) motion has nothing to do with the merits of the

case; the motion tests the "sufficiency of the complaint itself." *Bell v. City of Country Club

Hills*, 841 F.3d 713, 716 (7th Cir. 2016). In determining a complaint's sufficiency, the court

typically confines itself to the complaint, *Yassan v. J.P. Morgan Chase & Co.* 708 F.3d 963, 975

(7th Cir. 2013); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080

(7th Cir. 1997) (stating that "a court simply examines the allegations in the complaint to

determine whether they pass muster"), and the complaint's allegations are accepted as true,

*Trujillo*, 926 F.3d at 397. Extrinsic material, such as the Aurum Jets tax return, is not consulted.

*Duda v. Board of Educ.*, 133 F.3d 1054, 1055 n.1 (7th Cir. 1998).[4]

As for Goldstein's ability to prove her claim, Goldstein has no obligation to prove anything at this stage. *Howmedica Osteonics Corp. v. DJO Global, Inc.*, No. 1:17-cv-00938-SEB-TAB, 2018 WL 3130969, at *5 n.4 (S.D. Ind. Mar. 15, 2018); *DiGiacomo v. City of Belvidere*, No. 17 C 50115, 2017 WL 3925400, at *3 (N.D. Ill. Sept. 7, 2017) (noting that "at th[e] motion to dismiss stage [the plaintiff] need not prove anything"); *Drager v. Village of Bellwood*, 969 F. Supp. 2d 971, 984 (N.D. Ill. 2013). Whether she can prove her claim is, again, a matter for another day.

• Zilberbrand impugns Goldstein's motives for filing the adversary proceeding, suggesting that Gassman is behind the proceeding and Goldstein is merely his pawn. Zilberbrand contends that Gassman brought the section 707(a) motion only because he missed the deadline to object to discharge under section 727(a). (Mot. ¶¶ 6, 11-12). Having lost on that motion, Zilberbrand says, Gassman is using the adversary proceeding to have the decision reconsidered. (*Id.* ¶ 29).

None of this matters either. It bears repeating that a motion to dismiss is directed at the plaintiff's *complaint*, *Cornielsen*, 916 F.3d at 598; *Bell*, 841 F.3d at 716, not at the plaintiff or his motives. If Goldstein brought the adversary proceeding for an improper purpose, his remedy lies under Bankruptcy Rule 9011, *see* Fed. R. Bankr. P. 9011(b)(1), not Rule 12(b)(6).[5]

---

[4]   Material a defendant attaches to his response will be considered part of the pleadings and considered on a motion to dismiss only if the complaint refers to the material and it is central to the plaintiff's claim. *Yassan*, 708 F.3d at 975. Goldstein's complaint does not refer to the Aurum Jets tax return.

[5]   If Zilberbrand believes he is entitled to sanctions – and nothing here is meant to suggest he is entitled to them – the request must be made in a separate motion. Fed. R. Bankr. P. 9011(c)(1)(A). It cannot be tacked on to a motion to dismiss. *See, e.g., Trustees of Chi. Reg'l*

## 4. Conclusion

The motion of defendant Jason Lewis Zilberbrand to dismiss the adversary complaint of

plaintiff Ilene F. Goldstein is denied.  A separate order will be entered consistent with this

opinion.

Dated: July 18, 2019

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

---

*Council of Carpenters Pension Fund v. Central Rug & Carpet Co.*, No. 10 C 1493, 2012 WL
426887, at *3 (N.D. Ill. Feb. 10, 2012); *Lehrer v. Flaherty (In re Flaherty)*, 432 B.R. 742, 757
(Bankr. N.D. Ill. 2010).  Zilberbrand's grumblings about Goldstein (and Gassman) in his Rule
12(b)(6) motion were wasted ink.