# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JASON LEWIS ZILBERBRAND,<br><br>Debtor.<br><br>_____<br><br>ILENE F. GOLDSTEIN, not individually but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON LEWIS ZILBERBRAND,<br><br>    Defendant. | Case No. 17-04034<br><br>Chapter 7<br><br>Honorable A. Benjamin Goldgar<br><br><br><br>Adv. No. 19-ap-00129 |

## NOTICE OF MOTION

**To:** Jason Lewis Zilberbrand, 4560 Eleanor Drive, Lake Zurich, IL 60047

PLEASE TAKE NOTICE that on **August 30, 2019, at 12:00 p.m.**, we will appear before the Honorable A. Benjamin Goldgar or such other Judge as may be presiding in that Judge's stead, in the Park City Branch Court, 301 S. Greenleaf Avenue, Park City, Illinois, 60085, in Courtroom B, and present our **Motion for Entry of Default and Default Judgment**, a copy of which is attached hereto and served upon you herewith.

Dated: August 6, 2019

                                            **Ilene F. Goldstein, not individually, but as chapter 7 Trustee of the estate of Jason Lewis Zilberbrand**

                                            By:    */s/ Paul M. Bauch*
                                                         *One of the Plaintiff's Attorneys*

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
Justin R. Storer (ARDC #6293889)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com

## **CERTIFICATE OF SERVICE**

On August 6, 2019, the undersigned certifies that on this date, he caused a copy of the above document to be served upon each person shown on the service list above by first class United States Mail, with postage prepaid, at Chicago, Illinois.

/s/ Justin R. Storer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> JASON LEWIS ZILBERBRAND, ) <br> ) <br> Debtor. ) <br> ) <br> _____ ) <br> ) <br> ILENE F. GOLDSTEIN, not individually ) <br> but as chapter 7 Trustee for the Estate of ) <br> Jason Lewis Zilberbrand, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JASON LEWIS ZILBERBRAND, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 17-04034 <br><br> Chapter 7 <br><br> Honorable A. Benjamin Goldgar <br><br><br><br><br><br> Adv. No. 19-ap-00129 |

### MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Ilene F. Goldstein, not individually, but as chapter 7 Trustee for the estate of Jason Lewis Zilberbrand ("Plaintiff" or "Trustee"), moves, pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(2) (applicable herein by Federal Rule of Bankruptcy Procedure 7055), Local Bankruptcy Rule 7055-2, and Federal Rule of Bankruptcy Procedure 7012(a), for entry of default and default judgment on the Plaintiff's complaint brought pursuant to 11 U.S.C. § 727(d). In support thereof, Plaintiff states as follows.

### JURISDICTION

1. The United States District Court for the Northern District of Illinois has jurisdiction over this matter, pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(a).

2. This matter is a core proceeding pursuant to 28 U.S.C §§ 157(b)(2)(A), (b)(2)(E), and (b)(2)(H).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

4. By Internal Operating Procedure 15 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Judges of the Bankruptcy Court for initial determination.

## PROCEDURAL HISTORY

5. On February 13, 2017, Jason Lewis Zilberbrand (the "Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under 11 U.S.C § 301.

6. Plaintiff is the duly-appointed, qualified, and acting chapter 7 Trustee in this case.

7. On August 4, 2017, creditor David Gassman filed a motion to dismiss the Debtor's bankruptcy for cause. This Court denied that motion and the Debtor's discharge was issued. After the discharge was issued, Trustee discovered that the Debtor was presenting contradictory information to the Circuit Court of Cook County in another legal matter, and had presented false testimony as he defended against Gassman's motion.

8. On March 12, 2019, the Trustee filed her motion to revoke Jason Lewis Zilberbrand's discharge.

9. In accordance with Fed. R. Bankr. P. 7004(b)(1), the Trustee served the complaint, together with the summons, on the Defendant, via first-class United States mail, postage fully-prepaid. Copies of the certificate of service reflecting service of the Summons and Complaint on the Defendant (and the Defendant's bankruptcy lawyer, as required by Fed. R. Bankr. P. 7004(g)), is attached hereto as Exhibit A, together with a copy of the Complaint.

10. Pursuant to Fed. R. Bankr. P. 7012(a) and 9006(a), Defendant had thirty days after issuance of the Summons, i.e., to and including April 11, 2019, to answer or otherwise plead to the Complaint.

4

11. On May 2, 2019, the Defendant filed a "Motion to Extend Time" to answer or otherwise plead, and on May 23, 2019, the Defendant filed a "Motion to Dismiss Adversary Complaint."

12. The Motion to Dismiss argued that the Complaint failed to state a cause of action under which relief could be granted the Plaintiff, pursuant to Federal Rule of Civil Procedure 12(b)(6).

13. The Plaintiff responded and the Defendant replied, and on July 18, 2019, this Court issued an order denying the motion to dismiss, a memorandum opinion explaining its reasoning, and orders laying out certain procedural matters and deadlines.

14. The Court's orders of July 18, 2019 did not grant the Defendant a specified time to answer the complaint.

15. As such, pursuant to Fed. R. Bankr. P. 7012(a), Defendant was permitted an additional fourteen days after notice of the denial of the Defendant's motion, i.e., to and including August 1, 2019, to answer or otherwise plead to the Complaint.

16. No answer or other pleading has been filed by the Defendant as of this writing.

17. After examining the Department of Defense's Manpower Data Center website, with a search based on the Defendant's name and social security number, the Plaintiff avers that the Defendant is, still, not currently engaged in active service with the Military. A copy of that notice is attached hereto as Exhibit B.

**RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED**

18. The Plaintiff now requests that this Court enter orders, in the forms annexed hereto, finding the Defendant in default, and entering judgment against him on the sole count of the Plaintiff's complaint.

19. Under Rule 7012(a)(1), if the Court denies a motion to dismiss (or other motion relating to FRCP 12(b) through (i)), or postpones its disposition to the trial on the merits, a responsive pleading – in this case, the Defendant's answer – shall be served within 14 days after notice of the Court's action.

20. The Defendant has failed to do so, and so is again in default.

21. Based on the factual allegations of the Complaint, which are deemed admitted by virtue of Defendant's default, *see* Fed. R. Civ.P. 8(b)(6), the Trustee is entitled to entry of a default judgment against the Defendant. Attached hereto as <u>Exhibit C</u> is a sworn declaration of the Plaintiff, attesting to the truth of the allegations in the Complaint.

**WHEREFORE**, Ilene F. Goldstein, chapter 7 trustee of the estate of Jason Lewis Zilberbrand, requests this Court enter an order of default and a default judgment against the Defendant, so revoking his discharge, and issuing such other relief as may be just and appropriate.

Dated: August 6, 2019

**Ilene F. Goldstein, not individually, but as chapter 7 Trustee of the estate of Jason Lewis Zilberbrand**

By:  */s/ Paul M. Bauch*
 *One of the Plaintiff's Attorneys*

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
Justin R. Storer (ARDC #6293889)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com