IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-04034 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| ILENE F. GOLDSTEIN, not individually, but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, | ) ) ) | Lake County |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv No. 19-ap-00129 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | |
| | ) | |
| Defendant. | ) | |

## **EXHIBIT A TO MOTION TO FILE ANSWER *INSTANTER***

**DEBTOR/DEFENDANT'S COUNSEL:**
Jeffrey C. Dan (Atty. No. 06242750)
CRANE, SIMON, CLAR & DAN
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777
jdan@cranesimon.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-04034 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| ILENE F. GOLDSTEIN, not individually, but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv No. 19-ap-00129 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT TO REVOKE DISCHARGE**

Defendant, Jason Lewis Zilberbrand, by and through his attorneys, for his Answer to Complaint to Revoke Discharge, hereby states as follows:

**JURISDICTION AND VENUE**

1.      This is a proceeding to revoke a debtor's discharge, which arises under title 11. 11 U.S.C. § 727(d).

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 1.

2.      The United States District Court for the Northern District of Illinois has jurisdiction over proceedings that arise under title 11. 28 U.S.C. §1334(b).

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 2.

3. Venue over a proceeding arising under title 11 is proper in this district under 28 U.S.C. § 1409(a).

**ANSWER**: Defendant admits the allegations set forth in Paragraph 3.

4. Pursuant to Local Rule of the United States District Court for Northern District of Illinois, all bankruptcy cases and all proceedings that arise under title 11 have been referred, as permitted by 28 U.S.C. § 157(a), to the United States Bankruptcy Court for Northern District of Illinois.

**ANSWER**: Defendant admits the allegations set forth in Paragraph 4.

5. This is a core proceeding pursuant to 28 U.S.C. §§157(B)(2)(A) and (J).

**ANSWER**: Defendant admits the allegations set forth in Paragraph 5.

## PARTIES

6. The Defendant is an individual that resides at 4560 Eleanor Avenue, Long Grove, IL 60047.

**ANSWER**: Defendant admits the allegations set forth in Paragraph 6.

7. Plaintiff is the duly-appointed chapter 7 Trustee in the bankruptcy case of the Defendant.

**ANSWER**: Defendant admits the allegations set forth in Paragraph 7.

## HISTORY

8. On February 13, 2017, Defendant filed a voluntary petition under chapter 7 of the Bankruptcy Code.

**ANSWER**: Defendant admits the allegations set forth in Paragraph 8.

9. On August 4, 2017, creditor David Gassman filed a motion to dismiss the Defendant's bankruptcy case for "cause" pursuant to 11 U.S.C. § 707(a) (the "Motion to Dismiss"), arguing that the Defendant had sufficient income to make payments to his creditors such that a granting of a discharge would allow the Defendant to avoid payment of his debts "without adequate reason."

**ANSWER**: Defendant admits that David Gassman filed the Motion to Dismiss and that the allegations in Paragraph 9 were part of that Motion to Dismiss.

10. The Motion to Dismiss gave rise to extensive litigation, discovery, and the presentation of evidence before the Bankruptcy Court.

**ANSWER**: Defendant admits the allegations set forth in Paragraph 10.

11. On February 23, 2018, the Defendant had filed a motion in his divorce proceedings, case 11 D 1725, at the Circuit Court of Cook County (the "Circuit Court"), seeking to modify his child support obligation (the "Motion to Modify").

**ANSWER**: Defendant admits the allegations set forth in Paragraph 11.

12. On March 14, 2018 and March 15, 2018, in connection with the Motion to Dismiss, the Debtor appeared and testified before the Bankruptcy Court about his financial circumstances, including his past earnings, his current employment status, and the status of his aircraft brokerage business.

**ANSWER**: Defendant admits that a trial was held on the Motion to Dismiss on March 14 and 15, 2018 and that the Defendant testified about numerous matters.

13. On March 15, 2018 the Bankruptcy Court made finding of fact and conclusion of law and denied the motion to dismiss. [ECF. No. 74]. The Bankruptcy Court's findings and conclusions were premised in large part upon the Defendant's testimony that his aircraft brokerage company was out of business, that he was unemployed and that he had no current source of income.

**ANSWER**: Defendant admits that the Court made findings of fact and conclusions of law at the conclusion of the trial on the Motion to Dismiss and denied the Motion to Dismiss. The Defendant denies the remaining allegations set forth in Paragraph 13.

14. On March 15, 2018, the Defendant's discharge was issued.

**ANSWER**: Defendant admits the allegations set forth in Paragraph 14.

15. The Defendant obtained his discharge by fraud in that he gave false testimony regarding his employment status and income and the status of his aircraft brokerage business in connection with the proceeding on the Motion to Dismiss, and the Trustee did not know of such fraud until after the discharge was granted.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 15.

16. In January of 2019, in furtherance of the Motion to Modify, the Defendant and his wife, Nicole Zilberbrand ("Nicole"), presented evidence that contradicted the evidence that had been presented to the Bankruptcy Court on March 14 and 15, 2018, such that the Circuit Court found that the Defendant was "hiding assets from the bankruptcy court," and the Bankruptcy Court did not know "about the income [the Defendant] was hiding under his wife's name." (Two short excerpts of the Circuit Court's findings are attached hereto and incorporated herein as Exhibit 1.)

**ANSWER**: Defendant denies the allegations set forth in Paragraph 16 and further states that the statements from the Circuit Court misconstrue the testimony provided to the Bankruptcy Court on the Motion to Dismiss and the transcript of that testimony was not provided to the Circuit Court.

17.     The Trustee learned of the Circuit Court's findings, and the evidence that had been presented to the Circuit Court, in February of 2019.

**ANSWER**:    Defendant is without knowledge sufficient to admit or deny the allegations set forth in Paragraph 17 and therefore denies same.

### *Defendant misrepresented his employment states, and his continued operation of his aircraft brokerage business, to the Bankruptcy Court*

18.     On March 14, 2018, the Defendant testified before the Bankruptcy Court that his employer, Aurum Jets (an aircraft brokerage) had "closed its doors," that he was not employed by anyone, and that he was unemployed.

**ANSWER**:    Defendant admits the allegations set forth in Paragraph 18.

19.     The Defendant further testified that he was not operating any type of business, and that he was "attempting to get a consulting job."

**ANSWER**:    Defendant admits the allegations set forth in Paragraph 19.

20.     On March 10, 2018, the Defendant had updated his Facebook status to reflect that he was President of an organization called Vref, doing business as an "Aircraft and Helicopter valuation guide[.]"

**ANSWER**:    Defendant denies the allegations set forth in Paragraph 20.

21.     The Defendant later testified, at a November 28, 2018 discovery deposition attendant to the Motion to Modify, that he had been working for Aerospace Data Solutions a president of an asset valuation publishing guide, Vref, since March of 2018.

**ANSWER**:    Defendant admits the allegations set forth in Paragraph 21.

22. However, on June 22, 2018, Arum Jets or the Defendant received a commission relating to the sale of an aircraft in the gross amount of $63,294.80.

**ANSWER**: Defendant admits that Aurum Jets received a payment on or about June 22, 2018 in the gross amount of $63,294.80.

23. The Defendant thereafter attempted to conceal this income by causing the aircraft escrow service to transfer it to Nicole's separate deposit account.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 23.

24. The Defendant's testimony at the March 14, 2018 hearing was false, and intended to fraudulently mislead the Bankruptcy Court about his current and future earning potential, his then-current employment status, and the continued operation of his aircraft brokerage business.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 24.

*Defendant concealed 2017 income by having Arum Jets*
*Transfer commission income to Nicole*

25. On March 14, 2018, the Defendant testified before the Bankruptcy Court that: "In 2017 I made a total of $53,000."

**ANSWER**: Defendant admits the allegations set forth in Paragraph 25.

26. In June of 2017, Arum Jets or the Defendant had received a commission relating to the sale of an aircraft in the gross amount of $97,000.00.

**ANSWER**: Defendant admits that Aurum Jets received a commission relating to the sale of an aircraft in the approximate gross amount of $97,000.00 however Defendant denies that the Defendant received $97,000.00.

27. The Defendant thereafter attempted to conceal this income by causing the aircraft escrow service to transfer it to Nicole's separate deposit account and reflecting it as Nicole's income on a Schedule C to the Defendant and Nicole's joint 2017 federal tax return.

**ANSWER**:   Defendant denies the allegations set forth in Paragraph 27.

28. On or about January 11, 2019, Nicole testified at deposition that she only filled out some paperwork, and remembered nothing of the transaction:

*Q: You don't remember how you earned $97,000?*
*A: I don't remember.*

**ANSWER**:   Defendant admits the allegations set forth in Paragraph 28.

29. At the hearing on the Motion to Modify, the Defendant's attorney defended the concealment of income as "bankruptcy planning": "Yeah, it appeared on Nicole's [tax return]. Whether that's permissible or not, and the [Bankruptcy] Court acknowledged, okay, people do do some bankruptcy planning."

**ANSWER**:   Defendant denies there was any concealment of income and that the treatment of the income had anything to do with bankruptcy planning. The Defendant admits that the income from 2017 earned by the Defendant and/or Nicole appeared on their joint 2017 tax return.

30. The Circuit Court found that when the Bankruptcy Court denied the motion to dismiss the Defendant's chapter 7, it was unaware of the additional income that had been concealed in Nicole's account: "But that [Bankruptcy] Court when it made its ruling…where it says that it [Zilberbrand] has no household income was unaware of the testimony that I heard here regarding the additional income that was hidden in Mrs. Zilberbrand that actually was income of Mr. Zilberbrand."

**ANSWER**:    Defendant admits that the Circuit Court stated that, however Defendant affirmatively states that no income was concealed from the Bankruptcy Court and the commission to Aurum Jets was disclosed as well as the ownership of Aurum Jets and the Defendant and Nicole's income from Aurum Jets in 2017 was disclosed through the Aurum Jets tax return that was an exhibit at the trial on the Motion to Dismiss.

31.    The Circuit Court also found that: "I do not find your client [the Defendant] credible about his lack of ability to make income in light of the fact that he's hiding assets from the bankruptcy court and that he's speaking out of both sides of his mouth to this Court."

**ANSWER**:    Defendant admits that the Circuit Court made that statement, however affirmatively states that it is not based on any evidence that was presented to the Bankruptcy Court at the trial on the Motion to Dismiss and the Circuit Court was incorrect.

32.    The Circuit Court further found that: "[The Bankruptcy Court] didn't know about the income he was hiding under his wife's name."

**ANSWER**:    Defendant admits that the Circuit Court made that statement, however affirmatively states that it is not based on any evidence that was presented to the Bankruptcy Court at the trial on the Motion to Dismiss and the Circuit Court was incorrect. The Defendant further states that the evidence that was presented to the Bankruptcy Court was never provided to the Circuit Court.

33.    The defendant's testimony at the March 14, 2018 hearing on Gassman's Motion to Dismiss was false, and intended to fraudulently mislead the Bankruptcy Court about his

earning potential. He had concealed this falsehood by means of having the $97,000 commission income deposited to Nicole's separate deposit account and reporting it on Nicole's Schedule C.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 33.

## COUNT 1: REVOCATION OF DISCHARGE

34. Plaintiff repeats and realleges paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER**: Defendant restates and reasserts his answers to Paragraphs 1 throught 33 as though fully set forth herein.

35. Section 727(d)(1) of the United States Bankruptcy Code provides "On request of the trustee...and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

**ANSWER**: Defendant admits the allegations set forth in Paragraph 35.

36. The repeated false testimony presented to the Bankruptcy Court was fraud.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 36 and affirmatively states that no false testimony was given.

37. The repeated false testimony was presented knowingly.

**ANSWER**: Defendant denies the allegations set forth in Paragraph 37 and affirmatively states that no false testimony was given.

38. The repeated false testimony related to material facts of the case.

**ANSWER**:   Defendant denies the allegations set forth in Paragraph 38 and affirmatively states that no false testimony was given.

39.   The Trustee did not know of such fraud until after the discharge was granted.

**ANSWER**:   Defendant denies the allegations set forth in Paragraph 39 and affirmatively states that no fraud occurred and the Trustee was aware of the testimony given at the trial on the Motion to Dismiss.

40.   Such request for revocation of a discharge may be made within one year of the granting of the discharge.  11 U.S.C. § 727(e).

**ANSWER**:   Defendant admits the allegations set forth in Paragraph 40 however denies that that section is applicable.

41.   This Complaint is filed within one year of the granting of the discharge.

**ANSWER**:   Defendant admits the allegations set forth in Paragraph 41.

    Respectfully submitted,
    JASON LEWIS ZILBERBRAND
    By: /s/Jeffrey C. Dan
        One of His Attorneys

**DEBTOR/DEFENDANT'S COUNSEL:**
Jeffrey C. Dan (Atty. No. 06242750)
CRANE, SIMON, CLAR & DAN
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777
jdan@cranesimon.com